**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240608-U

Order filed September 19, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| ILLINOIS COUNCIL OF POLICE and VILLAGE OF BELLWOOD MASTER SERGEANTS, | ) ) ) ) | Appeal from the Illinois State Labor Relations Board. |
| Petitioners-Appellants, | ) ) | |
| v. | ) ) | |
| THE ILLINOIS LABOR RELATIONS BOARD and THE VILLAGE OF BELLWOOD, | ) ) ) ) | Appeal No. 3-24-0608 Circuit No. S-RC-23-017 |
| Respondents-Appellees. | ) | |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Justices Peterson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*: The Illinois Labor Relations Board properly adopted a recommendation to dismiss a petition seeking to apply collective bargaining rights contained in the Illinois Public Labor Relations Act (5 ILCS 315/9 (2022)) to a group of police supervisors. The Board correctly declined to address the impact that the addition of the Workers' Rights Amendment to the Illinois Constitution had on those Act provisions because that question was outside the scope of its authority.

¶ 2    On behalf of Master Sergeants employed by the police department in the Village of Bellwood, the petitioners sought to form a collective bargaining unit in accordance with provisions of the Illinois Public Labor Relations Act (5 ILCS 315/9 (2022)). After a hearing, an Administrative Law Judge (ALJ) declined to consider the impact that the enactment of the Workers' Rights Amendment to the Illinois Constitution would have on the Board's prior interpretations of the Act. Applying the Board's earlier decisions, the ALJ recommended that the petition be dismissed because the Act precluded supervisory personnel from forming bargaining units. The Board subsequently adopted that recommendation, citing its lack of authority to ignore any of the Act's provisions in light of a possible conflict with an amendment to the Illinois Constitution. We affirm the Board's decision.

¶ 3                                    I. BACKGROUND

¶ 4    On November 28, 2022, the Petitioner Illinois Council of Police filed a petition with the Illinois Labor Relations Board seeking collective bargaining unit representation under section 9 of the Illinois Public Labor Relations Act (5 ILCS 315/9 (2022)) on behalf of "[a]ll sworn full-time peace officers (police officers) of the rank of Master Sergeant employed by the Village of Bellwood." As the Respondent, the Village filed an objection to the petition, alleging that the group of Master Sergeants fell within the definition of "supervisors" in section 3(r) of the Act (5 ILCS 315/3(r) (West 2022)) who were precluded from forming collective bargaining units.

¶ 5    The Board set the matter for hearing before an Administrative Law Judge (ALJ). Before the start of that hearing, the Council stipulated that the Master Sergeants were "supervisors" within the meaning of section 3(r). The Council argued that the November 8, 2022, passage of amendment 1 (the "Workers' Rights Amendment" or "WRA") to article 1, section 25, of the Illinois Constitution (Ill. Const. 1970, art. I, § 25) gave the Master Sergeants a fundamental right to

organize and bargain collectively despite their supervisory status. The Board admitted the parties' joint stipulation and directed them to brief the legal issue addressing amendment 1 and its possible effects on the fundamental right to bargain collectively.

¶ 6    After the hearing, the ALJ relied on the parties' stipulation to recommend that the petition be dismissed because section 3(r) of the Act barred collective bargaining by supervisory employees. The ALJ did not address whether the WRA impacted the proper test for the exclusion of supervisory personnel or whether the Board had to account for the new constitutional mandate in the WRA when interpreting the Act's provisions. The ALJ also declined to examine the Board's prior interpretations of the Act's supervisor exclusion based on the passage of the WRA.

¶ 7    The Council filed timely exceptions on the ALJ's recommendation with the Board. The Council argued that the ALJ should have conducted a substantive analysis of how the WRA impacted the Board's interpretation of the Act's provisions when reviewing petitions from groups of supervisory public employees who wished to form collective bargaining units.

¶ 8    On September 12, 2024, the Board adopted the ALJ's recommendation, finding that it did not have the authority to analyze the constitutional impact that the WRA had on the application of the Act's provisions. The Board concluded that it did not need to resolve the substantive issue because the petition did not involve a "ruling on mandatory or permissive subjects of bargaining." The Council filed a timely petition for administrative review of the Board's decision pursuant to Illinois Supreme Court Rule 335 (eff. July 1, 2017).

¶ 9                                    II. ANALYSIS

¶ 10    On review, the Council raises only one narrow issue, requiring us to consider whether the Board erred by declining to "engage in an analysis of the effects a Constitutional Amendment has on said administrative agency's enforcement process and its prior interpretation of statutory

3

mandates." Because that issue presents a question of law, we review it *de novo*. *Western Illinois University v. Illinois Educational Labor Relations Board*, 2021 IL 126082, ¶ 32. The Council expressly states that it is not making an as-applied challenge to the Board's processes.

¶ 11 According to the Council, the Board's own rules permit the issuance of a declaratory ruling if "a good faith disagreement over whether the Act requires bargaining over a particular subject or particular subjects" exists (80 Ill. Adm. Code 1200.143 (2016)). The Council argues that it is merely asking the Board "to reexamine its historical application of its own interpretation of the 'supervisor' exemption by taking into account the impact of the WRA on said exception," not to issue a constitutional decision. Questions of whether the Master Sergeants can bargain, and the valid subjects of that bargaining, go to the core of the Act's application. The Council adds that the Board's prior declaratory rulings have included constitutional analyses, citing *State of Illinois, Department of Central Management Services (Department of Transportation) and American Federation of State, County and Municipal Employees, Council 31*, 30 PERI ¶ 166 (ILRB State Panel 2014).

¶ 12 The Council asserts that the ALJ in that case conducted a constitutional analysis of a due process claim in addressing whether certain public employees were statutorily excluded from union representation. To determine whether the Board acted unconstitutionally by arbitrarily and capriciously disposing of that claim, the ALJ examined both the plain meaning of the statute and the sufficiency of the Board's rules. *Id*. at 9-10 (citing *Deen v. Lustig*, 337 Ill. App. 3d 294, 302 (2003)). The ALJ concluded that the agency acts arbitrarily and capriciously "only if [it] contravenes the legislature's intent, fails to consider a crucial aspect of the problem, or offers an explanation which is so implausible that it runs contrary to agency expertise." *Id*. at 9. Relying on that language, the Council contends that the Board acted arbitrarily and capriciously by refusing

4

to conduct any analysis and, instead, relying on the parties' stipulation that the Master Sergeants were "supervisors," a category statutorily excluded from representation under section 3(r) of the Act (5 ILCS 315/3(r) (West 2022)). The Council maintains that it is merely asking the Board to use its expertise "to fulfill [its] obligations as the governmental agency responsible for enforcing the" Act by considering how the WRA impacts its prior interpretations of the statute.

¶ 13    The Council expressly declines to argue before this court that the WRA gives supervisory employees the right to collectively bargain under the Act. Instead, it asks this court to remand that question to the Board for its initial consideration. Thus, the only question before this court is the Board's conclusion that it lacked the authority to make a decision on the merits.

¶ 14    Section 3(n) of the Act specifically excludes "supervisors except as provided in this Act" from the definition of " 'Public employee' or 'employee', for the purposes of this Act." 5 ILCS 315/3(n) (West 2022). According to the parties' stipulation, the Master Sergeants employed by the Village of Bellwood are "supervisors" within the meaning of section 3(r) (5 ILCS 315/3(r) (West 2022)); alternatively, the Village also did not consent to them participating in a bargaining unit. Thus, the plain language of the Act excludes the Village's Master Sergeants from the categories of "public employees" who are eligible for representation through collective bargaining units.

¶ 15    Numerous Illinois decisions have upheld a Board finding that the Act bars police supervisors from participating in bargaining units. See, *e.g.*, *City of Freeport v. The Illinois State Labor Relations Board*, 135 Ill. 2d 499, 505-06, 519-22 (1990*); City of Sandwich v. The Illinois Labor Relations Board*, 406 Ill. App. 3d 1006, 1012-13 (2011); *Village of Hazel Crest v. The Illinois Labor Relations Board*, 385 Ill. App. 3d 109, 117-18 (2008); *Metropolitan Alliance of Police, Village of Woodridge Police Sergeants, Chapter No. 132 v. The Illinois Labor Relations Board*, 362 Ill. App. 3d 469, 476-80 (2005). Indeed, the Board's prior determination that the

5

Village's police lieutenants and sergeants could not form a bargaining unit because they were supervisors as defined in the Act was upheld in *Metropolitan Alliance of Police, Bellwood Command Chapter No. 339 v. Illinois Labor Relations Board*, 354 Ill. App. 3d 672, 678-83 (2004).

¶ 16    Here, the Council ultimately seeks to have the Board decide on remand whether the enactment of the WRA mandates that police department supervisors no longer be excluded from applying the collective bargaining rights offered by the Act. The WRA states,

> "Employees shall have the fundamental right to organize and to bargain collectively through representatives of their own choosing for the purpose of negotiating wages, hours, and working conditions, and to protect their economic welfare and safety at work. *No law shall be passed that interferes with, negates, or diminishes the right of employees to organize and bargain collectively* over their wages, hours, and other terms and conditions of employment and work place safety, including any law or ordinance that prohibits the execution or application of agreements between employers and labor organizations that represent employees requiring membership in an organization as a condition of employment." (Emphasis added.) Ill. Const. 1970, art. I, § 25.

¶ 17    In response, the Board maintains that, as an administrative agency, it "has no authority to declare a statute unconstitutional or to question the validity of the statute," quoting *Burns v. Municipal Officers Electoral Board of Village of Elk Grove Village*, 2020 IL 125714, ¶ 10. We agree.

¶ 18    Although in *Burns* our supreme court was examining the limitations on an electoral board's ability to opine on constitutional issues, the same limitation applies to every administrative agency. In *Goodman v. Ward*, 241 Ill. 2d 398, 410–11 (2011), cited in *Burns*, our supreme court concluded that the electoral board lacked the authority to "disregard" the eligibility requirements in the

Election Code despite its belief that they conflicted with the requirements in the Illinois Constitution. The supreme court expressly stated that this limitation on a board's authority to decide whether a constitutional requirement overrode a statutory requirement was equally applicable to *all* administrative agencies. "Administrative agencies such as the electoral board have no authority to declare statutes unconstitutional *or even to question their validity. Texaco–Cities Service Pipeline Co. v. McGaw*, 182 Ill.2d 262, 278 (1998); see *Wiseman v. Elward*, 5 Ill. App. 3d 249, 257 (1972). *When they do so, their actions are a nullity and cannot be upheld*." (Emphases added). *Goodman*, 241 Ill. 2d at 411. The same is true here.

¶ 19 The Council asked the Board to determine how its prior decisions addressing the Act's ban on the formation of bargaining units by supervisory personnel were affected by the broader bargaining rights provided after the enactment of the WRA. To make that determination, the Board would necessarily have been required to "question [the] validity" of a statutory provision in light of a constitutional change, an action that was expressly precluded by the *Goodman* analysis. Under the decisions in *Burns* and *Goodman*, the Board simply has no authority to make that determination. Indeed, any such decision issued by the Board would have been "a nullity" and reversed on judicial review. See *id*.

¶ 20 Any consideration of the impact that a constitutional change has on an existing statutory provision is to be conducted on judicial review. *Goodman*, 241 Ill. 2d at 411. The Council, however, has expressly disavowed making any request for this court to address any possible substantive change in the interplay between the Act and the Illinois Constitution after the enactment of the WRA. It explicitly limits the issue before this court to whether the Board properly declined to engage in a substantive analysis of how the WRA impacted the relevant provisions of the Act. Because we are not called upon here to address the substantive issue of how the WRA

7

may have impacted the interplay between the Act and our constitution, we decline to do so and express no opinion on that issue. We hold only that the Board correctly recognized that, in light of the WRA's adoption, any decision touching on the continuing validity of the Act's provisions, and its prior interpretation of those provisions, was outside the scope of its administrative authority. See *Burns*, 2020 IL 125714, ¶ 10; *Goodman*, 241 Ill. 2d at 411. Accordingly, we uphold the Board's decision.

¶ 21                                                    III. CONCLUSION

¶ 22         For the reasons stated, we affirm the decision entered by the Board dismissing the petition filed by the Council.

¶ 23         Board decision affirmed.